IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**WILSON EARL GRAVES, county jail inmate #105760**             **PLAINTIFF**

**VERSUS**             **CIVIL ACTION NO. 2:15-cv-96-KS-MTP**

**JONES COUNTY ADULT DETENTION CENTER**             **DEFENDANT**

<u>**MEMORANDUM OPINION**</u>

This cause is before the Court, sua sponte, for consideration of dismissal. Plaintiff Wilson Earl Graves, an inmate of the Jones County Adult Detention Center, brings this pro se Complaint pursuant to 42 U.S.C. § 1983. Plaintiff Graves is proceeding *in forma pauperis*. Upon liberal review of Plaintiff's pleadings, the Court finds that this case should be dismissed.

**I.      Background**

In July of 2015, Plaintiff filed two conditions of confinement complaints in this Court. The first lawsuit, filed July 6, 2015, against the Jones County Adult Detention Center was assigned civil action number 2:15-cv-91-KS-MTP (Case 1). Eleven days later, Plaintiff filed the instant case which was assigned civil action number 2:15-cv-96-KS-MTP (Case 2). Initially, Case 1 concerned Plaintiff's sleeping conditions at the detention center and Case 2 related to the food provided at the detention center.

In both cases, an Order was entered advising Plaintiff of some of the consequences of proceeding with a case under the Prison Litigation Reform Act and he was directed to file an Acknowledgment of Receipt and Certification stating that he understood these provisions and wished to continue. The Acknowledgment required Plaintiff to list the individual case numbers and the names of the Defendants. On July 13, 2015, Plaintiff filed an Acknowledgment of Receipt and Certification stating that he wished to continue with Case 1. On July 31, 2015, Plaintiff filed an Acknowledgment of Receipt and Certification stating that he wished to continue with Case 2.

Thereafter, in both cases Plaintiff was granted permission to proceed *in forma pauperis* and he

was directed to file a written response to clarify the named Defendants and provide specific information.[1] Plaintiff filed the identical unsigned Response in both cases, in fact he referred to both case numbers in the body of his Response. In both cases, he was directed to sign his Response and return it to the Court for filing.

In Case 1, Plaintiff filed a signed version of his Response which named Jones County, Alex Hodge, Randy Johnson and David Hare as Defendants. In Case 1, the Court directed process to issue for these Defendants, and on January 6, 2016, all of the Defendants executed a waiver of service and their answers are due March 7, 2016.

In Case 2, after Plaintiff failed to file a signed version of his Response, an Order to show cause or file a notice of voluntary dismissal was entered. The Order [15] explained to Plaintiff that since he is now proceeding with identical claims against identical Defendants in his previously filed case, Case 1, that he will be provided an opportunity to voluntarily dismiss Case 2. On January 12, 2016, Plaintiff filed a Response [16] stating that he wishes to continue with Case 2.

**II.     Discussion**

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings *in forma pauperis,* and provides that "the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Since the Court has permitted Plaintiff Graves to proceed *in forma pauperis* in this action, his Complaint is subject to the case screening procedures set forth in 28 U.S.C. § 1915 (e)(2).

"An action is malicious for purposes of § 1915(e)(2)(B)(i) if it duplicates the allegations of

---

[1]Specifically, the Orders advised Plaintiff that the Jones County Adult Detention Center is not a legal entity that may be sued under § 1983, but that in limited circumstances, a county may be held liable under § 1983. Plaintiff was directed to file a written response to state if he was naming Jones County as a Defendant and to state if he was naming any other persons as Defendants. Plaintiff was also directed to specifically state how each named Defendant violated his constitutional rights.

another pending federal lawsuit by the same plaintiff." *Allard v. Quinlan Pest Control Co., Inc.,* 387 F. App'x 438, 440 (5th Cir. 2010) (citing *Pittman v. K. Moore*, 980 F.2d 994, 995 (5th Cir. 1993)). Plaintiff's allegations clearly duplicate the allegations pending in his previously filed civil action. As stated above, the Defendants have waived service in Case 1and Plaintiff is litigating his claims in Case 1. The Plaintiff is entitled to "one bite at the litigation apple--but no more." *Pittman*, 980 F.2d at 995. Therefore, this Court concludes that this action is malicious and should be dismissed. *See Emmett v. Hawthorn*, 459 F. App'x 490, 491 (5th Cir. 2012) (finding "an action may be dismissed as malicious if it duplicates claims raised by the same plaintiff in previous or pending litigation"); *Wendt v. Rainey*, 98 Fed. App'x 303, 304 (5th Cir. 2004) (same).

### III.     Conclusion

The Court has considered the pleadings and applicable law. For the reasons stated, this civil action is dismissed as malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). This dismissal will count as a "strike" in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(g).

A Final Judgment in accordance with this Memorandum Opinion will be entered.

SO ORDERED AND ADJUDGED, this the 28th day of January, 2016.

                                    *s/Keith Starrett*
                                    UNITED STATES DISTRICT JUDGE